UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES UTSEY,
                            Plaintiff,

                          13-CV-1253
                          (GLS/CFH)

    v.

SEAN BYRNE, Commissioner of NYS Dep't of
Criminal Justice Services, et al,
                            Defendants.

---

**APPEARANCES:**

CHARLES UTSEY
Plaintiff Pro Se
11-A-3395
Altona Correctional Facility
555 Devils Den Road
Altona, New York 12910

**CHRISTIAN F. HUMMEL, U.S. Magistrate Judge**

# REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint, together with an application to proceed in forma pauperis ("IFP"), filed by Charles Utsey ("Utsey"). Dkt. Nos. 1, 5. Utsey has also filed an inmate authorization form. Dkt. No. 3.

Utsey brings this action, pro se, pursuant to 42 U.S.C. § 1983 alleging that he was unlawfully (1) subjected to defamation and slander which resulted in contact with his step-daughters being terminated and (2) precluded from receiving documentation relating to the investigation into Utsey's claims of defamation and slander. Utsey also alleges that defendant Bryne failed to properly supervise his employees and also failed to order and conduct a proper investigation into Utsey's claims. For a more complete

statement of Utsey's claims, reference is made to the Complaint. Dkt. No. 1.

After reviewing Utsey's IFP Application, the Court finds that Plaintiff may properly proceed with this matter in forma pauperis.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Utsey brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted). The court notes that Utsey's claims against defendant Bryne regarding his failure to conduct or order an investigation (Compl. at 5, Third Cause of Action) should be dismissed as an inmate enjoys no constitutional right to an internal investigation of any particular nature, extent, or duration. See Carrasquillo v. City of N.Y., 324 F.Supp.2d 428, 438 (S.D.N.Y.2004) (holding that prisoners have "no constitutional or federal right to an investigation into . . . [an] accident, or to have his requests for an investigation answered").

2

**WHEREFORE**, it is hereby

**ORDERED**, that Utsey's in forma pauperis application (Dkt. No. 5) is granted.[1] The Clerk shall issue Summonses and forward them, along with copies of the Complaint and a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, to the United States Marshal for service upon the Defendants; and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's authorization form and notify the official that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that a response to the complaint be filed by defendants or their counsel as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**RECOMMENDED**, that Utsey's claims regarding the investigation which was purportedly supposed to take place pursuant to defendant Byrne's direction (Compl. at 5, Third Cause of Action) be **DISMISSED**; and it is further

---

[1] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 5th Floor, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing the date that a true and correct copy of same was mailed to all opposing parties or their counsel. Any document received by the Court or the Clerk that does not include a proper certificate of service will be returned without processing.** Talukder must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.** All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

**ORDERED,** that the Clerk serve a copy of this Order and General Order 25 on Utsey in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 15, 2013
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge