UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CHARLES UTSEY,**

                Plaintiff,                8:13-cv-1253
                                                  (GLS/CFH)
        v.

**SEAN BYRNE et al.,**

                Defendants.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Charles Utsey
Pro Se
PO Box 6095
Albany, NY 12206

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     CATHY Y. SHEEHAN
New York State Attorney General    Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Charles Utsey commenced this action against

defendants Sean Byrne, Valarie Friedlander, and Lacey Fitch, pursuant to

42 U.S.C. § 1983, alleging that he was unlawfully subjected to defamation and slander and precluded from receiving documents related to his claims of defamation and slander, which violated his Sixth and Fourteenth Amendment rights. (Compl., Dkt. No. 1.) Utsey also alleges that Byrne failed to properly supervise his employees and failed to order or conduct an investigation into Utsey's claims. (*Id.*)

After commencing this action, Utsey filed a motion for leave to proceed *in forma pauperis* (IFP). (Dkt. No. 5.) In a Report-Recommendation and Order (R&R) filed November 15, 2013, Magistrate Judge Christian F. Hummel granted Utsey's IFP application. (Dkt. No. 6.) Additionally, upon an initial review of Utsey's complaint pursuant to 28 U.S.C. § 1915, Judge Hummel recommended dismissal of Utsey's claim against Byrne regarding Byrne's failure to conduct or order an investigation. (*Id.* at 2-3.) Utsey then filed timely objections to the R&R, (Dkt. No. 12), and, shortly thereafter, defendants filed a motion to dismiss for failure to state a claim, (Dkt. No. 18), both of which are pending before the court. For the reasons that follow, the R&R is adopted in its entirety, and defendants' motion to dismiss is granted.

## II. **Background**[1]

Insofar as the court can discern from Utsey's complaint, while Utsey was an inmate at Altona Correctional Facility,[2] Fitch, a New York State Department of Criminal Justice Services (NYSDCJ) employee, advised Altona that Utsey was impermissibly making third-party phone calls from the prison, which Utsey claims was untrue. (Compl. at 2-3.) Fitch allegedly knew that making third-party phone calls was prohibited, and that Utsey would be subjected to disciplinary action as a result of her accusations.[3] (*Id.*) As a result of Fitch's accusation that Utsey was making third-party phone calls, Utsey's step-daughter's telephone number was removed from his approved telephone list, and "a copy of the Negative Correspondence/Telephone Form that [Utsey] signed was placed in [his] []Guidance and Parole File[]." (*Id.* at 2-3.) Utsey, however, was never

---

[1] The facts are drawn from Utsey's complaint and presented in the light most favorable to him.

[2] The court notes that, although this action was filed on October 9, 2013—while Utsey was incarcerated—Utsey was released from Altona on or about December 20, 2013. (Dkt. Nos. 15, 17, 25.)

[3] Although far from clear, it appears that Fitch is Utsey's ex-girlfriend. (Compl. at 2.) Seemingly, Fitch falsely accused Utsey of making third-party phone calls in retaliation of Utsey being in a new relationship. (*Id.*)

3

formally disciplined. (*Id.* at 3.)

After learning that Fitch informed Altona of Utsey's third-party phone calls, Utsey sent a Freedom of Information Law (FOIL) request to Friedlander, a records access officer, "requesting a copy of the phone records of the said dates that [Utsey] was accused of making said third-party calls . . . and the name of the supervisor[]who authorized any employee or employees to make said calls . . . and the results of any investigation done by the [NYSDCJ pertaining] to this matter." (*Id.*) Initially, Friedlander informed Utsey that his request was being processed, and that a formal response was forthcoming. (*Id.*) Later, Friedlander informed Utsey that the records he sought did not exist. (*Id.*)

Utsey then wrote a letter to Byrne, Commissioner of NYSDCJ, "complaining of the practices of . . . Fitch . . . for using her employment at . . . [NYSDCJ] as a means to retaliate against [him] and F[r]iedlander[']s[] refusal to turn over records" that he requested. (*Id.* at 4.) Utsey claims that Byrne "has the statutory authority and responsiblity to review and over see all actions of the employees in this . . . agency." (*Id.*) Utsey also claims that Byrne failed to order or conduct an investigation. (*Id.* at 5.)

### III. **Standards of Review**

**A.  Objections**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  See *Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are filed, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error.[4]  *See id.* at *4-5.

**B.  Motion to Dismiss**

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

---

[4] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

## IV. Discussion

As noted, pending are both Utsey's objections to the R&R, (Dkt. No. 12), and defendants' motion to dismiss the complaint, (Dkt. No. 18). Each is addressed below.

### A. Utsey's Objections to the R&R

Utsey filed general objections to the R&R, which the court reviews for clear error. (Dkt. No. 12 at 1-3); *see Almonte*, 2006 WL 149049, at *4-5. First, Utsey generally objects to the portion of the R&R in which Judge Hummel recommended dismissal of Utsey's claim that Byrne failed to initiate or order an investigation. (Dkt. No. 12 at 1-2.) Judge Hummel recommended dismissal of this claim because "an inmate enjoys no constitutional right to an internal investigation of any particular nature, extent, or duration." (Dkt. No. 6 at 2 (citing *Carrasquillo v. City of N.Y.*, 324 F. Supp. 2d 428, 438 (S.D.N.Y. 2004).) In his objections, Utsey re-states that he wrote Byrne letters requesting that Byrne conduct an investigation into Fitch and Friedlander's conduct, that Byrne "failed to do anything," and that Byrne failed to properly supervise his employees. (Dkt. No. 12 at 1-2.)

Utsey's "objections" simply restate portions of his complaint, which Judge Hummel properly considered. (*Compare id., with* Compl. at 4, 5.)

The court, therefore, does not construe these as specific objections. *See Gusky v. Astrue*, No. 10-CV-00919, 2013 WL 3776257, at *3 (W.D.N.Y. July 2, 2013) ("[W]hen the objections simply reiterate previous arguments . . . the Court should review the report for clear error."); *Almonte*, 2006 WL 149049, at *4.

Second, Utsey objects to the portion of the R&R which orders him to pay the $350.00 statutory filing fee pursuant to 28 U.S.C. § 1915. (Dkt. No. 12 at 2-3.) This objection is without merit. Although the federal courts, pursuant to 28 U.S.C. § 1915(a)(1), may authorize a person demonstrating sufficient economic need to commence and prosecute an action without prepayment of the filing fee, a prisoner proceeding IFP is required to pay the filing fee over time from funds available in his or her inmate account, *id.* § 1915(b). The amount of the payments fluctuates over time depending upon the balance in the inmate's prison account. *Id*. Thus, Utsey must pay the $350.00 filing fee.

Accordingly, the court, having carefully reviewed the record, finds no clear error in the R&R, and adopts it in its entirety.

**B.** **<u>Motion to Dismiss</u>**

Defendants argue that Utsey's complaint must be dismissed

because: (1) defendants are entitled to Eleventh Amendment immunity; and (2) the complaint fails to conform to the basic pleading standards of Fed. R. Civ. P. 8. (Dkt. No. 18, Attach. 1 at 3-6.) Each argument is discussed below.

First, defendants contend that, because Byrne, Fitch, and Friedlander are named only in their official capacities, they are entitled to Eleventh Amendment immunity. (*Id.* at 3-5.) The Eleventh Amendment provides that "'[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.'" *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007) (quoting U.S. Const. amend. XI). "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Suing individual defendants in their official capacities pursuant to § 1983 is tantamount to seeking damages from the state, and the Eleventh Amendment, therefore, shields the individual defendants to the same extent that it shields the state. *See Hilton v. Wright*, 928 F. Supp. 2d 530, 553 (N.D.N.Y. 2013).

8

It is true that, insofar as Utsey sues defendants in their official capacities, his claims against them must be dismissed as precluded by Eleventh Amendment immunity. *See Jones v. N.Y.S. Metro D.D.S.O.*, 543 F. App'x 20, 22 (2d Cir. 2013); *Hilton*, 928 F. Supp. 2d at 546. To the extent that Utsey sues defendants in their individual capacities, however, his claims could survive if properly pleaded. *See Jones*, 543 F. App'x at 22-23; *Hilton*, 928 F. Supp. 2d at 546. Here, Utsey's complaint is silent as to the capacity in which defendants are sued. (*See generally* Compl.) For the purposes of this motion, it will be assumed that Utsey intended to assert claims against defendants in both their official and individual capacities. *See Hilton*, 928 F. Supp. 2d at 545. Thus, Utsey's claims against defendants in their official capacities are dismissed with prejudice.

Second, defendants argue that Utsey's complaint should be dismissed for failure to conform to the basic pleading standards of Fed. R. Civ. P. 8, or, alternatively, that Utsey should be ordered to file an amended complaint that conforms to Rule 8. (Dkt. No. 18, Attach. 1 at 5-6.) The court agrees with defendants.

Under Fed. R. Civ. P. 8(a), a claim for relief must contain "a short and plain statement" of the claim. Similarly, Rule 8(d)(1) provides that each

9

averment of a pleading is to be "simple, concise, and direct." A complaint need not contain detailed factual allegations, but it must contain more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). While the court is cognizant that it must liberally read a *pro se* plaintiff's submissions, *Rahl v. N.Y. Tel. Co.*, No. 1:09-cv-01165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010), "the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure," *Gould v. Russi*, 830 F. Supp. 139, 142 (N.D.N.Y. 1993). In other words, *pro se* plaintiffs must "sufficiently apprise . . . defendant[s] of the charges asserted against" them. *Id.* at 143.

Here, Utsey's complaint, as drafted, is not sufficient to state a claim for the violation of his constitutional or statutory rights by defendants. Instead, Utsey's complaint lists his largely incomprehensible grievances in one single-spaced paragraph spanning over two pages. (Compl. at 2-4.) Accordingly, Utsey's complaint must be dismissed.

Despite these deficiencies, the court recognizes that this is the first time that Utsey has been alerted to the short-comings in his complaint.

Accordingly, this dismissal is without prejudice to Utsey's right to file an amended complaint, if he so chooses, consistent with this Memorandum-Decision and Order. The amended complaint must be filed within thirty (30) days of the date of this order and strictly comply with the requirements of, among other things, N.D.N.Y. L.R. 7.1(a)(4), Fed. R. Civ. P. 11(b), and Fed. R. Civ. P. 8.

Further, the amended complaint shall replace in its entirety the previous complaint filed by Utsey, must contain a caption that clearly identifies, by name, each individual that Utsey is suing in the present lawsuit, and must bear the case number assigned to this action. The body of Utsey's complaint must contain a short and plain statement of facts in support of his claims, set forth in sequentially numbered paragraphs. Each paragraph shall set forth one act of misconduct or wrongdoing about which Utsey complains, and shall include: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and (v) the nexus between such misconduct and Utsey's civil and/or constitutional rights. If Utsey elects to file an amended complaint, defendants shall have fourteen

11

(14) days to file the appropriate response, and/or renew their motion to dismiss.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's November 15, 2013 Report-Recommendation and Order (Dkt. No. 6) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Utsey's complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** with respect to: (1) any claims regarding Byrne's failure to conduct or order an investigation, and (2) any claims against defendants in their official capacities; and it is further

**ORDERED** that Utsey's complaint (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** in all other respects; and it is further

**ORDERED** that Utsey may, in accordance with the requirements of, among other things, Fed. R. Civ. P. 8(a) and N.D.N.Y. L.R. 7.1(a)(4), file an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that if Utsey elects to file an amended complaint, defendants shall have fourteen (14) days to file the appropriate response; and it is further

**ORDERED** that if Utsey does not file an amended complaint within thirty (30) days of this Memorandum-Decision and Order, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court